IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSIE AGULLANA, ROSALINDA AGULLANA; BENEFICIAL FINANCE; COUNTY OF ALAMEDA TAX COLLECTOR; STATE OF CALIFORNIA FRANCHISE TAX BOARD; MICHAEL COSENTINO; and AARON MUELLER & SINCLAIR,<br><br>Defendants.<br>_____ / | No. C 04-02016 WHA<br><br>**ORDER GRANTING SUMMARY JUDGMENT** |

**INTRODUCTION**

In this tax-collection action, plaintiff United States moves for summary judgment against defendants Jessie and Rosalinda Agullana. The government seeks judgment against defendants for unpaid taxes and to foreclose tax liens against defendants' subject property. For the reasons stated below, this order **GRANTS** the motion for summary judgment.

**STATEMENT**

The Internal Revenue Services made numerous assessments against defendants for unpaid federal income taxes, penalties, and interest for the years 1987–89, 1993, 1994, 1996–2000. As of December 20, 2007, defendants owed a total of $487,945.84, with interest and penalties continuing to accrue until payment (Fouche-Munoz Decl. ¶¶ 3–13; Exh. 1–10). The IRS filed a Notice of Federal Tax Lien against defendants for all of the aforementioned

years. The notices were addressed to Jessie and Rosalind Agullana, who resided at 32530 Sheila Way, Union City, California (Moore Decl. Exh. 11–14).[1]

**ANALYSIS**

Summary judgment is granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). A district court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there is any genuine issue of material fact. *Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 873 (9th Cir. 2007).[2]

Certificates of assessments and payments are admissible into evidence pursuant to FRE 803(8) (public records and reports) and 902(4) (certified copies of public records). "It is settled in this circuit that Certificates of Assessments and Payments are 'probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that . . . assessments were properly made.'" *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1997) (per curiam). These certificates can establish notice, demand for payment, and administrative assessment. *See United States v. Lorsen Electric Co.*, 480 F.2d 554, 556–56 (2d Cir. 1973); *United States v. Strebler*, 313 F.2d 402, 403–04 (8th Cir. 1963). The presumption of correctness attaches to the assessment and the defendant in a collection suit has the burden of proving that he paid the correct amount of his tax liability. *United States v. Janis*, 428 U.S. 433 (1976).

Here, there are certificates of assessments and payments for defendant taxpayers regarding each of the tax years in question. Exhibits 1–10 establish that IRS assessments, notice, and demand were made upon defendants for their tax liabilities. The taxpayer defendants have not paid. Nor have they filed any opposition to this motion for summary judgment. Defendant California Franchise Tax Board filed a notice of non-opposition.

---

[1] This order notes that, in some of the Notices of Federal Tax Lien, the residence was spelled as "Shiela Way" rather than "Sheila Way." The latter spelling is correct.

[2] Unless indicated otherwise, internal citations are omitted from all cites.

2

Because the taxpayer defendants have failed to sustain their burden of proof, this order holds that the assessments were correct.

This order also holds that the government is entitled to foreclose its tax liens against the subject property. The government has a lien on the property and rights to property of the taxpayer for unpaid taxes. According to 26 U.S.C. 6321:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

A lien arises "at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. 6322. Tax liens attach to all property or property rights held or subsequently acquired by the taxpayer. *Bank of America Nat. Trust & Savings. Ass'n v. Mamakos*, 509 F.2d 1217, 1219 (9th Cir. 1975).

The tax liens on defendants' property arose when the assessments against defendants were made. The IRS filed Notices of Federal Tax Lien against defendants in 1994, 1995, 1996, and 2004. The notices state defendants' residence as 32530 Sheila Way, Union City, California (Moore Decl. Exh. 11–14). The complaint identifies 32530 Sheila Way as the property sought to be foreclosed. Again, defendants do not oppose the government's motion. This order holds that the government has established that it has a proper tax lien on defendants' property.

Finally, the government requests that an order be issued for the sale of the subject property to pay defendants' tax liabilities. According to 26 U.S.C. 7403, "in all cases where a claim of interest of the United States therein is established, [the district court] may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." The Supreme Court emphasized "that the limited discretion accorded by § 7403 should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *United States v. Rodgers*, 461 U.S. 677, 711 (1983).

In the instant action, defendants have not rebutted the presumption of correctness with respect to the certified assessments. The government has shown that defendants owe nearly half a million dollars in unpaid taxes, interest, and penalties. The government has also shown that federal tax liens attached to the subject property. Pursuant to Section 7403, the government can seek a forced sale of the property. Because defendants have not objected to any of the government's arguments, this order holds in favor of the government. The motion for summary judgment is granted.

This order authorizes the sale of the subject property pursuant to 28 U.S.C. 2001(a), which provides that a district court can set the terms and conditions of the sale of real property. The government requests that a Decree of Sale be entered that provides the following: (i) notice of sale be published in accordance with 28 U.S.C. 2002 (notice of sale of realty); (ii) the marshal or his representative or Property Appraisal and Liquidation Specialist staff have access to the real property for purposes of showing it for sale and to preserve it pending delivery to the ultimate purchaser; (iii) bidders must demonstrate an ability to make a minimum deposit and, if successful, that they pay the remainder of the purchase price within a set period of time, and if they fail to pay the remainder of the purchase price, they shall be liable to the United States pursuant to 28 U.S.C. 3001(b) and 3202(g)(2)(C); and (iv) that the sale proceeds be distributed in accordance with this order and 28 U.S.C. 1921(c).

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is **GRANTED**. Judgment is entered in favor of the government and against defendants in the amount of $487,945.84, plus statutory additions from December 20, 2007, until payment is made. The subject property shall also be ordered sold for payment of tax liabilities.

**IT IS SO ORDERED.**

Dated: January 24, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4